CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

APR 28 2015

JULIA C. DUDLEY, CLERK
BY: /s/ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| MALCOLM MUHAMMAD, et al., <br> Plaintiffs, | Civil Action No. 7:14-cv-00421 |
| v. | **MEMORANDUM OPINION** |
| L.J. FLEMING, et al., <br> Defendants. | By: Hon. Jackson L. Kiser <br> Senior United States District Judge |

Plaintiffs Malcolm Muhammad, Marvin Eley, and David Foltz, inmates proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983, naming officials at the Keen Mountain Correctional Center ("KMCC") as defendants. Plaintiffs challenge a policy change at KMCC that forbids inmates from covering windows on cell doors while they use their toilets. Defendants filed a motion for summary judgment, to which Plaintiffs responded, making the matter ripe for disposition. After reviewing the record, I grant Defendants' motion for summary judgment.

Prior KMCC policy allowed an inmate to cover his cell-door window halfway while the inmate used the toilet.[1] This policy changed on April 22, 2014, when Warden Fleming issued a memo to the inmates, informing them that they were no longer allowed to partially cover their cell-door windows at any time. The Warden explains that this policy change was implemented in part due to the updated regulations about the Prison Rape Elimination Act ("PREA") in order to combat sexual assault within cells and to maintain inmate and staff safety and security. The Warden avers that the policy change was not meant to punish inmates or invade their privacy but to prevent assault or rape by cell mates, contraband, and other inappropriate activity. The Warden explains that PREA requires KMCC to make every effort to combat sexual abuse.

---

[1] Windows on cell doors are five inches wide by two feet high and start approximately four feet off of the floor. Consequently, allowing inmates to cover half the window obstructed a view from approximately five feet off the floor.

When a cell-door window was partially covered, correctional officers had to go directly up to the cell to see inside, which inhibited the officers' ability to ensure the safety and security of the offenders inside that cell. The Warden avers that it is not presently financially feasible to install additional security cameras throughout the KMCC pods to monitor inmates' behaviors inside their cells.

The Fourth Amendment guards against unreasonable searches and seizures. U.S. Const. amend. IV. While the Fourth Amendment applies to lawfully confined prisoners, inmates have much more limited privacy interests than those not incarcerated. Bell v. Wolfish, 441 U.S. 520, 545-46 (1979); Lee v. Downs, 641 F.2d 1117, 1119 (4th Cir. 1981). A prison regulation that encroaches on an inmate's Fourth Amendment right "is valid if it is reasonably related to legitimate penological interests." Turner v. Safley, 482 U.S. 78, 85 (1987). Thus, I must consider "the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted." Bell, 441 U.S. at 559 (citations omitted). I must give considerable deference to prison officials' administrative decisions that promote institutional security and discipline. Id. at 547-48.

In this case, Plaintiffs claim that their limited right to privacy in shielding their genitals from other persons, including female officers and homosexual officers and inmates, is violated by KMCC's policy prohibiting inmates from partially covering their cell windows while using their toilets. It is clear that KMCC's new policy is reasonably related to legitimate penological interests and does not violate a clearly-established right. Accordingly, defendants are entitled to summary judgment.[2]

---

[2] Plaintiffs cannot recover damages as they have not established a requisite physical injury per 42 U.S.C. § 1997e(e), and Defendants are immune from damages in their personal capacities by qualified immunity and in their official capacities by sovereign immunity.

2

Case 7:14-cv-00421-JLK-RSB   Document 62   Filed 04/28/15   Page 2 of 3   Pageid#: 368

Cross-gender supervision passes constitutional muster if it is reasonably related to legitimate penological concerns. See, e.g., Turner, 482 U.S. at 89-91. "[P]rison officials clearly have an overriding security interest and responsibility in maintaining safety and order in the institution, which may necessarily entail [] monitor[ing] inmates even during those times when they are unclothed." Moore v. Gregory, No. 7:06-cv-546, 2007 WL 1555774, at *9, 2007 U.S. Dist. LEXIS 43574, at *28 (W.D. Va. June 15, 2007) (citing MacDonald v. Angelone, 69 F. Supp. 2d 787, 793 (E.D. Va. 1999)); see Timm v. Gunter, 917 F. 2d 1093, 1101-02 (8th Cir. 1990) (finding that minimal intrusions on privacy are outweighed by institutional concerns for safety and equal employment opportunity); Michenfelder v. Sumner, 860 F.2d 328, 333-34 (9th Cir. 1988) (holding an infrequent or casual observation of a naked inmate does not warrant court interference).

The new policy furthers important security interests to combat sexual assault within the offender population in order to comply with PREA. KMCC has an overriding security interest and responsibility to maintain safety and order in the institution, which includes combating sexual assault, rape, and concealment of contraband. Prohibiting inmates from covering their cell-door windows, even partially, furthers this interest. Thus, KMCC's interest in maintaining safety and order heavily outweighs the minimal intrusion of Plaintiffs' privacy when an officer inspects Plaintiffs' cells. Furthermore, the exposure of Plaintiffs' genitals is extremely limited for the brief periods of time they use their toilets. Accordingly, no violation of a clearly-established right occurred, and Defendants are entitled to summary judgment.

ENTER: This 28th day of April, 2015.

*Jackson L. Kiser*
Senior United States District Judge

3

Case 7:14-cv-00421-JLK-RSB   Document 62   Filed 04/28/15   Page 3 of 3   Pageid#: 369